UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MICHAEL W. WILLIAMS                                                                              PLAINTIFF

V.                                      No. 4:22-CV-797-JM-JTR

DEXTER PAYNE,
Director, ADC, *et al*.                                                                          DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I.   Introduction

On September 2, 2022, Plaintiff Michael W. Williams ("Williams"), a prisoner in the East Arkansas Maximum Security Unit ("EAMU") of the Arkansas Division of Correction ("ADC"), filed a *pro se* § 1983 Complaint alleging that

Defendants violated his constitutional rights. *Doc. 2*. Before Williams may proceed with this action, the Court must screen his claims.[1]

## II. Allegations

Williams alleges that, on January 5, 2022, Defendants confiscated his incoming Amazon package, containing a book on landscape drawings, because it allegedly contained a "suspicious piece of paper." *Doc. 2 at 5–9*. The "suspicious piece of paper" later tested positive for synthetic cannabinoids. *Id. at 9*.

As a result, Williams was found guilty at a disciplinary hearing of "[p]ossession/introduction/manufacture" of the synthetic cannabinoids. *Doc. 2 at 58*. Williams: (1) lost his commissary, phone, and visitation privileges for sixty days; (2) received a reduction to Class IV status; (3) was assigned to administrative segregation for thirty days; and (4) forfeited 365 days of good time credits

On February 16, 2022, the Classification Committee assigned Williams to the hoe squad based on his reduced class status. *Doc. 2 at 24–25*. On August 8, 2022, Williams petitioned the Classification Committee for a work reassignment because his age and medical conditions made it difficult for him to perform the labor-

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

intensive job. *Doc. 2 at 25, 79*. On August 17, 2022, the Classifications Committee reviewed Williams's work assignment and removed him from the hoe squad. *Id.*

Williams argues that: (1) the Defendants did not follow ADC policy in confiscating the book and issuing the subsequent "false" disciplinary;" and (2) that the hoe squad assignment conflicted with his medical requirements and psychical abilities. *Doc. 2 at 5–25*. In addition to monetary damages, Williams asks that his disciplinary record be expunged, and his book be returned to him. *Doc. 2 at 26–27*.

### III. Discussion

Williams's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

**A. No Fourteenth Amendment Due Process Claim for Thirty Days in Punitive Isolation or Loss of Privileges**

First, Williams cannot bring a due process claim based on the alleged "false disciplinary" because he did not have a liberty interest at stake. A prisoner may maintain a due process challenge to a prison disciplinary proceeding only if he is deemed to have a liberty interest at stake. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003).

Williams's primary due process argument is that Defendants failed to follow *ADC procedures* before finding him guilty of a disciplinary violation. However, "there is no federal constitutional liberty interest in having…prison officials follow prison regulations." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003).

Furthermore, under controlling case law, confinement for thirty days in punitive isolation and a sixty-day suspension in mail, telephone, visitation, and commissary privileges are insufficient to implicate a liberty interest because such punishment does not to create an "atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 482–86 (no "liberty interest" implicated by thirty days in disciplinary segregation); *Kennedy v. Blankenship*, 100 F.3d 640, 642–43 & n.2 (8th Cir. 1996) (no "liberty interest" implicated by thirty days in punitive segregation, which included the suspension of privileges). Williams also does not have a due process liberty interest in his prisoner classification. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Blair-Bey v. Iowa*, 732 F. App'x 488 (8th Cir. 2018) (same).

To the extent that Williams seeks restoration of his 365 days of good time credit through having his disciplinary violation "expunged," that claim is *Heck*-barred. *Portley-El v. Brill*, 288 F.3d 1063, 1067 (8th Cir. 2002) (discussing *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 643–44 (1997)).

Accordingly, Williams's due process claims related to the allegedly "false disciplinary" should be dismissed, without prejudice.

### B. No Constitutional Claim For Loss of Property Under the Fourteenth or Fifth Amendment

Second, Williams cannot maintain a federal due process claim for the alleged loss of property because he has an adequate post-deprivation remedy under Arkansas law.[2] *See Hudson v. Palmer*, 468 U.S. 517, 533–36 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981); *McClinton v. Arkansas Dept. of Corr.*, 166 F. App'x 260, 260–61 (8th Cir. 2006). He also does not state a claim under the Takings Clause of the Fifth Amendment because he does not state facts showing that his book was confiscated for "public use." U.S. Const. amend. V.[3]

Accordingly, Williams's property loss claims should be dismissed, without prejudice, for failing to state a claim for relief.

### C. No Eighth Amendment Claim for Hoe Squad Work Assignment

Finally, Williams has not stated a claim for cruel and unusual punishment under the Eighth Amendment. "The Eighth Amendment prohibits prison officials from acting with deliberate indifference to prisoners' safety." *Brown v. Sargent*, 16 F.3d 1227 (8th Cir. 1994) (citations omitted). "In the work assignment context,

---

[2] Williams can seek to recover the value of this property by filing a claim with the Arkansas State Claims Commission. *Williams v. Campbell*, 25 F. App'x 477, 479 (8th Cir. 2001) (citing Ark. Code Ann. § 19-10-204).

[3] Unlike loss-of-property claims brought under the Fourteenth Amendment's due process clause, the availability of a post-deprivation state remedy does *not* preclude a plaintiff from bringing a Takings Claim in federal court. *Knick v. Township*, 139 S.Ct. 2162 (2019).

prison officials are deliberately indifferent when they *knowingly* force inmates to perform work which is beyond their strength, dangerous to their lives or health, or unduly painful." *Id.* (emphasis added).

Although Williams alleges that *non-defendant medical personnel* knew he had a hernia, he does not allege that any named-Defendant or any member of the Classification Committee was aware that he had medical restrictions and was physically unable to work on the hoe squad. *See Doc. 2 at 79*. In fact, according to Williams, as soon as he notified "Classification Officer Dock King" that he was having trouble on the hoe squad, he was scheduled for a review and, within ten days, he was reassigned to a different work assignment. *Doc. 2 at 25, 79*.

Accordingly, Williams's Eighth Amendment claim should be dismissed, without prejudice, for failing to state a claim for relief.

## IV. Conclusion

Williams's Complaint fails to contain sufficient factual matter to state a viable § 1983 claim and should be dismissed, without prejudice.

IT IS THEREFORE RECOMMENDED THAT:

1. Williams's Complaint (*Doc. 2*) be DISMISSED, without prejudice.

2. All pending Motions (*Docs. 7, 8 & 10*) be DENIED, as moot.

    3.      The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g); *see Gonzalez v. United States*, 23 F.4th 788, 789 (8th Cir.), *cert. denied*, 142 S. Ct. 2837 (2022).

    4.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 26th day of April, 2023.

_____
UNITED STATES MAGISTRATE JUDGE